Richard N. **WADLINGTON**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

No. 05–578T.

United States Court of Federal Claims.

Sept. 28, 2005.

---

Richard N. Wadlington, Pasadena, California, pro se.

Jennifer P. Wilson, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., for defendant.

## ORDER AND OPINION

HODGES, Judge.

Mr. Wadlington paid income taxes on his disability benefits based on 1099's issued by the State of California. The State later adjusted the 1099's for certain years, showing taxes due in amounts less than Mr. Wadlington had paid. He sought refunds from the Internal Revenue Service for those years. The IRS denied Mr. Wadlington's request for the 1999 tax year because the applicable statute of limitations for tax refunds had run. Plaintiff asks that we toll the Internal Revenue Code's statute of limitations for filing tax refund claims to permit his claim for $5,670. *See* I.R.C. § 6511. We must dismiss plaintiff's Complaint.

## BACKGROUND

Richard Wadlington retired in 1999 and filed for disability benefits from the State of California. He paid federal income taxes on his state disability retirement according to 1099–R forms issued by the California Public Employee Requirement System. The State sent Mr. Wadlington corrected 1099's in 2003 for tax years 1999–2002. The corrected 1099 forms showed that Mr. Wadlington owed less income tax for tax years involved.

Mr. Wadlington filed adjusted tax returns reflecting the adjusted 1099's. The IRS issued refunds for tax years 2000–2002 but denied plaintiff's claim for tax year 1999 because the statute of limitations for refunds had passed. Plaintiff concedes that his request for a tax refund was untimely. "Even if I had been aware of Code Section 6511's time limit of three years for filing, my 1999 adjusted tax refund would have been late since I did not receive the adjustment until after April 15, 2003." (Compl. ¶ 2.) Mr. Wadlington contends that he was not at fault for the State's error and that we should toll the statute of limitations.

## DISCUSSION

Section 6511 of the Internal Revenue Code places limitations on when a claimant may file for a tax refund or credit. The provision provides that a

[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid . . . .

26 U.S.C. § 6511(a). A claim for refund must be filed within three years after the return was filed or two years after the tax was paid, whichever is the later. *Id.* "No credit or refund shall be allowed or made after the expiration of the period of limitation . . . ." *Id.* § 6511(b)(1).

The Supreme Court ruled that the Code's statute of limitations is not subject to equitable tolling. *United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997). The plaintiffs in *Brockamp* sought to extend the statutory time period for claiming refunds because of the taxpayers' disabilities. *Id.* at 348, 117 S.Ct. 849. Two cases decided by the Ninth Circuit had determined that section 6511 contained an implied exception that permitted equitable tolling. The Circuit therefore had allowed each taxpayer's action to continue, despite the statute of limitations. Other circuits that had addressed the question had ruled differently, however. The Supreme Court granted certiorari to address the conflict and consolidated the cases, which were factually similar. The Supreme Court concluded that section 6511 did not allow equitable tolling:

The IRS processes more than 200 million tax returns each year. It issues more than 90 million refunds .... To read an "equitable tolling" exception into § 6511 could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate large numbers of late claims, accompanied by requests for "equitable tolling" which, upon close inspection, might turn out to lack sufficient equitable justification.

*Id.* at 352, 117 S.Ct. 849.

Plaintiff urges us to consider the "intent" and "spirit" of the law. (Compl.¶¶ 6,9.) Mr. Wadlington directed us to section 6511(h), which allows the running of the statute of limitations to "be suspended during any period of [an] individual's life that such individual is financially disabled." I.R.C. § 6511(h). Mr. Wadlington does not claim to be financially disabled. Rather, he highlights this exception in an attempt to demonstrate that the Code is flexible.

We accord a plaintiff proceeding *pro se* latitude in drafting pleadings. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We may ignore the legal label a *pro se* litigant attaches to his claim and recharacterize the claim so that its substance corresponds to a proper legal theory. *Castro v. United States,* 540 U.S. 375, 381–82, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). We do not have the authority to depart from a ruling of the Supreme Court, however.

Mr. Wadlington points out that the taxpayers' families in *Brockamp* could have filed for the refund before the time had expired. (Compl.¶ 4.) By comparison, he had no opportunity to know that he was entitled to refund. The Court's analysis applies more broadly and generally to section 6511, however. Its holding is not limited to situations where someone could have filed on the claimant's behalf. The Court expressed policy reasons why extensions of the limitations period cannot be permitted:

The nature and the potential magnitude of the administrative problem suggest that Congress decided to pay the price of occasional unfairness in individual cases (penal-

izing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system. At the least it tells us that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so wherever a court concludes that equity so requires.

*Brockamp,* 519 U.S. at 352–53, 117 S.Ct. 849.

## CONCLUSION

Section 6511 is not subject to equitable tolling. The Clerk of Court will dismiss plaintiff's Complaint for lack of jurisdiction. No costs.