**William A. SUMNER and Cecile D. Sumner, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 06–230 T.

United States Court of Federal Claims.

June 23, 2006.

———

William A. Sumner, Las Vegas, NV, pro se.

Cecile D. Sumner, Las Vegas, NV, pro se.

Bart Duncan Jeffress, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

MEROW, Senior Judge.

This action was brought by William A. Sumner and his wife Cecile D. Sumner ("the Sumners"), seeking a refund from the Internal Revenue Service ("IRS"), for overpayment of federal income taxes. The Court of Federal Claims has jurisdiction over federal tax refund suits pursuant to 28 U.S.C. § 1491(a) (2000). *Hinck v. United States,* 64 Fed.Cl. 71, 74–76 (2005), *aff'd,* 446 F.3d 1307 (Fed.Cir.2006). The government filed a Motion to Dismiss pursuant Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction.

## FACTS

The Sumners made a repeat mistake on four past tax returns from the years 2000 through 2003, resulting in significant overpayments of their federal income taxes. (Compl.¶ 2.) After discovering the mistakes, the Sumners filed four 1040X forms on April 25, 2005 requesting a refund for the overpayments. (Pls.' Attach. 1 & 2; *see also* Pls.' Attach. 6.) The IRS refunded the Sumners' surplus payments for the years 2002 and 2003, but "disallowed" their claims totaling $11,487 for the 2000 and 2001 tax years. (Pl.'s Attach. 3 & 4 ("Why we cannot allow your claim: You filed your claim for credit or refund more than 3 years after the tax return due date.").) After the rejection, the Sumners filed an administrative appeal with the IRS, which was denied by Appeals Officer Richard Weber on October 14, 2005. (Pls.' Attach. 7.) Having exhausted administrative avenues, the Sumners filed a complaint *pro se* in the United States Court of Federal Claims in an effort to recoup their overpaid taxes.

## DISCUSSION

Before discussing the motion before the court, it should be noted that the Sumners are *pro se* litigants; therefore, the court holds the pleadings to a less stringent standard than it would for litigants represented by counsel. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Accordingly, the court has examined the pleadings "to see if [the *pro se*] plaintiff[s] ha[ve] a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285, 1292 (1969) (review of military discharge where *pro se* plaintiff's evidence and pleadings were somewhat unclear, irrational and not always "in his own best interests"). However, "[t]he leniency afforded *pro se* litigants with respect to mere formalities ... does not relieve them of jurisdictional requirements." *Saladino v. United States,* 62 Fed.Cl. 782, 787 (2004) (citing *Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987)).

The Court of Federal Claims must dismiss claims that fall outside of its statutory or constitutional jurisdiction. RCFC 12(b)(1); *Van Allen v. United States,* 66 Fed.Cl. 294, 295 (2005). When a defendant challenges subject matter jurisdiction, the plaintiff cannot merely rely on allegations in the complaint, but must proffer relevant, competent proof to establish jurisdiction. *Catellus Dev. Corp. v. United States,* 31 Fed.Cl. 399, 404–05 (1994).

The statute of limitations for taxpayers filing claims for credits or refunds against the IRS is very clear:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

26 U.S.C. § 6511(a) (2000). It is undisputed that the Sumners filed their tax claims for the years 2000 and 2001 outside the limitations period set forth § 6511(a). (Compl. ¶ 3; *see also* Pls.' Attach. 1 & 2 (1040X forms dated April 25, 2005).) While there are explicit exceptions to the limitations period set forth in § 6511—i.e. refunds related to operating losses, bad debts, self-employment taxes, worthless securities, capital loss carrybacks, foreign taxes—a general category of fairness and moral duty, cited by plaintiffs as grounds for the exceptions they seek, is not one of them. § 6511(d); *see also United*

*States v. Brockamp,* 519 U.S. 347, 351–52, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

The government sets forth compelling statutory and precedential authority to support its Motion to Dismiss. In *United States v. Brockamp,* the Supreme Court considered whether courts could toll the statute of limitations set forth in 26 U.S.C. § 6511 for "nonstatutory equitable" reasons. 519 U.S. at 348–49, 117 S.Ct. 849. The petitioners in *Brockamp* filed tax refund claims outside the limitations period, however, they requested an exception to the statutory time period for equitable reasons—their claimed mental disabilities of senility and alcoholism. *Id.* at 348, 117 S.Ct. 849. The Supreme Court reasoned that such an exception to the time limitations set forth in § 6511 could only be applicable if § 6511 incorporated an "implied equitable tolling exception." *Id.* at 348–49, 117 S.Ct. 849. The Supreme Court found no basis in Congressional intent or precedential authority to support an exception to § 6511 outside of those explicitly and exhaustively detailed in the statute itself. *Id.* at 350–51, 117 S.Ct. 849. A cited policy reason for its ruling was the potential administrative quagmire created by reading such an exception into the statute, thus compromising the rigidity of the statute of limitations for filing tax refund claims and debilitating the IRS with a blizzard of late claims with a request for "equitable tolling." *Id.* at 351, 117 S.Ct. 849. Congress enacted 26 U.S.C. § 6511 for good reason and any tolling of the statute of limitations expressed therein must be contemplated by the statute. *See e.g., Doe v. KPMG, LLP,* 398 F.3d 686, 689 (5th Cir. 2005) (discussion reinforcing *Broccamp's* decision to curb equitable tolling exceptions to § 6511 by citing a subsequent Congressional amendment that permitted tolling for taxpayer disability—the very exception sought by the *Brockamp* petitioners).

The Sumners' concern over the fairness of a statute of limitations that relieves the IRS of reimbursement obligations for mistakenly overpaid taxes is understandable. However, legislation enacted by Congress cannot be ignored by this court or the IRS for even the most compelling reasons. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1576–77 (Fed.Cir.1988) ("The … statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed."); *cf. Wadlington v. United States,* 68 Fed.Cl. 145 (2005) (ruling that a 2003 notice showing overpayment of 1999 taxes could not toll the statute of limitations despite the taxpayer's inability to file a timely refund claim due to the late notice). As discussed in *Computervision Corp. v. United States*:

> Statutes of limitations play an important role in tax administration, benefitting both the government and taxpayers. The government's authority to assess taxes is limited by 26 U.S.C. § 6501, under which taxes must be assessed within three years of the filing of the return. Similarly, the taxpayer must file its refund claim with the IRS "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever … expires the later…."

445 F.3d 1355, 1362–63 (Fed.Cir.2006) (citations omitted). The three-year window for filing tax refund claims allows the federal government to rely on calculations of revenue generated by income taxes, ensuring the stability of the United States Treasury. Contrary to plaintiffs' assertions (Compl.¶ 6) the IRS has no legal duty to discover overpayments and report them to taxpayers—despite its extensive databases and access to information.[1]

### CONCLUSION

While the Sumner's loss is unfortunate, the court is not empowered to grant relief in this matter. *See Saladino,* 62 Fed.Cl. at 786 ("Like all inferior federal courts, the Court of Federal Claims operates under its statutory grant of authority, and its ability to redress an alleged wrong is derivative therefrom").

---

1. Moreover, a contractual duty to give notice of overpayment would be one implied in law and, therefore, beyond this court's jurisdiction. 28 U.S.C. § 1491(a); *see Int'l Data Prods. Corp. v.*

*United States,* 70 Fed.Cl. 387, 404 (2006) (finding that an argument for an implied contractual duty imposed as a means of preventing injustice could not be heard in the court for lack of jurisdiction).

Accordingly, for the reasons discussed above, it is concluded that the Sumners' cause of action is time barred by 26 U.S.C. § 6511(a) with the result that the government's Motion to Dismiss, filed May 19, 2006, is **GRANTED** and it is **ORDERED** that plaintiffs' Complaint shall be **DISMISSED** with no costs assessed.[2]

---

**2.** To the extent plaintiffs' Complaint could be construed to plead a claim for wrongful concealment by the IRS, such a claim would also be beyond the jurisdiction granted to this court by Congress, as 28 U.S.C. § 1491(a) excludes cases "sounding in tort." *See Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997).