**Arlin Edward RANEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–336C.

United States Court of Federal Claims.

Oct. 4, 2007.

Arlin Edward Raney, Harrisonburg, Virginia, Pro Se.

Christopher J. Carney, Trial Attorney, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne M. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Plaintiff, Arlin Edward Raney, filed a complaint against Jo Ann Barnhart, Commissioner of the Social Security Administration (SSA), for "stress" and "health damage" resulting from the SSA's attempt to recoup an overpayment of benefits. Compl. at 2. The case is now before this Court on the Government's Motion for Summary Dismissal under RCFC 12(a) and (b). In support of its motion, the Government contends that the Court does not have jurisdiction to hear the Plaintiff's claims. After careful consideration, and for the reasons set forth in this opinion, the Court **DISMISSES** the case for lack of jurisdiction.

### BACKGROUND

The facts of this case are difficult to construe based upon Mr. Raney's complaint. It appears that on March 31, 2006, Mr. Raney received a favorable opinion from Administrative Law Judge Charles Boyer, stating that Mr. Raney did not have to repay $1249.00 in Social Security benefits that the Government incorrectly distributed to him. In the current case, Mr. Raney demands compensatory damages for starvation when the SSA stopped payment, compensation for expenses, and punitive damages "for the stress and pain" resulting from "harrassment" by the SSA. Compl. at 2.

Mr. Raney previously filed a complaint in the United States District Court for the Western District of Virginia. *Raney v. Social Security Administration,* 2007 WL 417388 (W.D.Va. Feb. 6, 2007). That court dismissed Mr. Raney's case without preju-

dice, for lack of jurisdiction. The court held that Mr. Raney had failed to exhaust his administrative remedies, since he had not submitted a tort claim to the Social Security Administration. Mr. Raney states that Judge Conrad of the Western District of Virginia "advised" him that his case should be filed in this Court. Compl. at 2. After reviewing Judge Conrad's opinion, however, it is clear that he makes no mention of the Court of Federal Claims.

## STANDARD OF REVIEW

Plaintiff is proceeding *pro se* and, therefore, the Court holds his pleadings to a less stringent standard than those drafted by lawyers. *Sumner v. United States,* 71 Fed. Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Accordingly, the Court must examine the pleadings to see if Plaintiff has a cause of action, even if not clearly articulated. *Id.* However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted). Moreover, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id.* at 293 (internal quotation and punctuation marks omitted).

RCFC 12(b)(1) provides for dismissal of a claim if the Court lacks jurisdiction over the subject matter of the claim. There is a presumption that federal courts lack jurisdiction "unless the contrary appears affirmatively from the record." *Renne v. Geary,* 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (citation omitted). It is well settled that "a party seeking the exercise of jurisdiction in its favor has the burden of establishing that such jurisdiction exists." *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991) (citing *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936)). Furthermore, "subject matter jurisdiction is strictly construed." *Leonardo v. United States,* 55 Fed.Cl. 344, 346 (2003).

## DISCUSSION

This Court may exercise jurisdiction over monetary claims where there is a provision of the Constitution, a statute, an Executive order, or a regulation that mandates a payment of money to the plaintiff. *See, e.g. United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114. The Tucker Act, which is the principal statute governing the jurisdiction of the Court of Federal Claims, excludes cases sounding in tort from the Court's jurisdiction. 28 U.S.C. § 1491(a)(1).

The Government correctly points out that this Court lacks jurisdiction, contrary to Mr. Raney's opinion that the Government's counsel "has more positions than a seasoned Harlot." *P. Objection at 1.* It is clear to the Court that Mr. Raney's complaint, even liberally construed, is a tort action against the Social Security Administration for "pain and suffering" resulting from "harrassment." Furthermore, the Western District of Virginia also considered this case a tort action. Therefore, after careful review, the Court finds that this case rests in tort, and as such, Plaintiff's complaint must be **DISMISSED.**

## CONCLUSION

For the reasons set forth in this opinion, the Court hereby **DISMISSES** this case for lack of jurisdiction. The Clerk is directed to **DISMISS** the Complaint and enter judgment accordingly. In light of this Opinion, Plaintiff's Motion for Summary Judgment is **DENIED** as moot.

**It is so ORDERED.**