**Phillippi S. LOWE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–578C.**

United States Court of Federal Claims.

Feb. 8, 2008.

---

Phillippi S. Lowe, Evergreen, AL, Pro se.

Anuj Vohra, Trial Attorney, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne M. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

Plaintiff, Phillippi S. Lowe, filed a complaint against the United States alleging a breach of an implied-in-fact contract with himself and other African American veterans of the United States Armed services.[1] Defendant filed a motion to dismiss under RCFC 12(b)(1) and 12(b)(6). After careful consideration, and for the reasons set forth in this opinion, the Court **GRANTS** Defendant's motion and **DISMISSES** the case for failure to state a claim upon which relief may be granted.

Plaintiff is proceeding *pro se* and, therefore, the Court holds his pleadings to a less stringent standard than those drafted by lawyers. *Sumner v. United States,* 71 Fed. Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Accordingly, the Court must examine the pleadings to see if Plaintiff has a cause of action, even if not clearly articulat-

ed. *Id.* However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted).

A motion to dismiss under RCFC 12(b)(6) may be granted when the facts asserted by the claimant, even liberally construed, do not entitle him to relief. *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998). While detailed factual allegations are unnecessary, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (internal citations omitted). In order to survive a 12(b)(6) motion to dismiss, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claims. *Id.* at 1966.

The facts of this case are difficult to construe based upon Mr. Lowe's complaint. It appears that Mr. Lowe alleges a breach of a "quasi-contract" and demands monetary damages in the amount of $13 million. Compl. 1. However, the complaint does not identify an offer or acceptance, the terms of the contract, or when the contract was entered into and breached. Instead, the complaint simply alleges that various African American war veterans throughout history were the victims of racial discrimination. The complaint, even liberally construed, does not allege facts sufficient to withstand a motion to dismiss. Therefore, the Court hereby **GRANTS** Defendant's motion to dismiss for failure to state a claim. The Clerk is directed to **DISMISS** the complaint and enter judgment accordingly.

It is so **ORDERED.**

---

1. Plaintiff filed an application to proceed *in forma pauperis,* which Defendant has not opposed.

Therefore, the Court hereby **GRANTS** Plaintiff's motion to proceed *in forma pauperis.*