Peter MATHIS, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 07–392C.

United States Court of Federal Claims.

Aug. 6, 2008.

Peter Mathis, Jr., Memphis, Tennessee, pro se.

Ellen M. Lynch, Trial Attorney, Commercial Litigation Branch, Department of Justice, Washington D.C., with whom were Kathryn A. Bleeker, Assistant Director, Jeanne E. Davidson, Director, and Peter D. Keisler, Acting Attorney General, for Defendant.

## OPINION and ORDER

SMITH, Senior Judge.

Plaintiff, Peter Mathis, Jr., filed a complaint in this Court alleging violations of provisions of the Constitution, including the due process and double jeopardy clause, and the Sixth Amendment right to a fair and speedy trial. Before this Court is Defendant's Motion to Dismiss, pursuant to RCFC 12(b), arguing that the Court does not have subject matter jurisdiction to hear Plaintiff's complaint and that Plaintiff's complaint fails to state a claim upon which relief may be granted.[1] After careful consideration, and for the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

The facts of this case may be divided into two separate incidents. In the first incident, Plaintiff was convicted of assault on an em-

---

1. Plaintiff has filed numerous documents, none of which are a clear response to Defendant's motion. The Court shall construe the document received on October 9, 2007, "Plaintiff's Motion Requesting Summary Judgment," as Plaintiff's Response to Motion to Dismiss.

ployee of the United States Postal Service with the intent to rob or steal mail matter, money, or other property of the United States in violation of 18 U.S.C. § 2114 (2006). *United States v. Mathis*, No. 93–20226 (W.D.Tenn. Dec. 9, 1994). The decision was later reversed in the Sixth Circuit. *United States v. Mathis*, 67 F.3d 300, No. 95–5042, 1995 WL 579563 (6th Cir. Oct.2, 1995). The second incident occurred on November 21, 1995, when a grand jury in the United States District Court for the Western District of Tennessee issued an indictment against Plaintiff on the charge of kidnaping, for the purpose of sexual assault, of an employee of the United States while she was in performance of her official duties in violation of 18 U.S.C § 1201(a)(5)(2006). A Federal jury found Plaintiff guilty of the charge, and Plaintiff unsuccessfully appealed his conviction. *United States v. Mathis*, 173 F.3d 857, No. 97–6499, 1999 WL 98465 (6th Cir. Jan.29, 1999). The Sixth Circuit determined that Plaintiff's claims of vindictive prosecution, double jeopardy, and prosecutorial misconduct had no merit. *Id.* The United States Supreme Court denied *certiorari* on October 4, 1999. *Mathis v. United States*, 528 U.S. 920, 120 S.Ct. 280, 145 L.Ed.2d 234 (1999).

Plaintiff seeks injunctive relief in the form of immediate release from prison to support his elderly mother and family. Compl. at 10. Plaintiff also seeks monetary damages in the amount of $2,950,000.00. *Id.*

### STANDARD OF REVIEW

This Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, as Plaintiff is proceeding *pro se*, the pleadings are construed liberally. Accordingly, the Court must examine the pleadings to see if Plaintiff has a cause of action, even if not clearly articulated. *Sumner v. United States*, 71 Fed.Cl. 627, 628 (2006)(citing *Ruderer v. United States*, 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969)). However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States*, 33

Fed.Cl. 285, 293 (1995)(internal quotation and punctuation marks omitted). Moreover, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id.*

A court will grant a defendant's motion to dismiss under RCFC 12(b)(1) when it lacks subject matter jurisdiction. This Court's subject matter jurisdiction is strictly construed and the non-moving party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Leonardo v. United States*, 55 Fed.Cl. 344, 346 (2003).

### DISCUSSION

Plaintiff claims that he was unjustly convicted because "the Assistant United States Attorney [ ... ], on or about November 21, 1995, with malice aforethought, intentionally and knowingly, against the United States Constitution, and Federal statutory law, act [sic] in bad faith to reprosecute a case, which was barred by Due Process and Double Jeopardy." Compl. at 1. Liberally construed, Plaintiff appears to be asserting both tort and constitutional claims and seeks release from prison and monetary damages. Plaintiff states that this Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1495, 2513 (2006).

A. The Statute of Limitations Bars Recovery from the First Conviction

The Tucker Act provides that suits brought before this Court are subject to a six-year statute of limitations. 28 U.S.C. § 2501 (2006). A petition must be filed six-years after the claim first accrues. An individual's claim begins to accrue, when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed.Cir.2003). The Court of Appeals for the Sixth Circuit reversed Plaintiff's conviction on October 2, 1995. The claim began to accrue on October 2, 1995. Any claim arising out of that litigation must have been filed within six years of the date of accrual, October 1, 2001. Plaintiff filed this complaint with the Court on June 18, 2007.

Therefore, Plaintiff filed his complaint past the deadline and is barred by the statute of limitations. The Court finds that Plaintiff has failed to prove all claims in regard to the first incident, the reversed conviction, because they are barred by the six-year statute of limitations set out in 28 U.S.C. § 2501.

### B. Plaintiff's Tort Claims Must Fail

 The Tucker Act grants that this Court, "[Shall] have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1)(2006). Even liberally construed, Plaintiff's claims, including unjust imprisonment, fraud, vindictive prosecution, and perjury committed by an Assistant United States Attorney are tort claims. Since Congress explicitly stated the Court has jurisdiction over claims "not sounding in tort," Plaintiff has failed to state a claim upon which relief may be granted. *Id.*

### C. Plaintiff's Constitutional Claims Must Fail

This Court may exercise jurisdiction over monetary claims where there is a provision of the Constitution, a statute, an Executive order, or a regulation that mandates a payment of money to the Plaintiff. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The Tucker Act, however, does not create a substantive right of recovery for monetary damages against the United States. *Id.* at 398, 96 S.Ct. 948. Unless a party is alleging a contract claim, a plaintiff must look beyond the jurisdictional statute and establish a substantive provision of law, regulation, or the Constitution, which can be construed as mandating compensation. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Here, Plaintiff has not been able to point to any law or statute that would provide for monetary compensation. Therefore, the claim must fail because Plaintiff has failed to establish a money-mandating statute entitling him to damages for Constitutional violations.

### D. Plaintiff's Claim for Injunctive Relief Must Fail

Plaintiff brings these claims stemming from decisions from the Western District of Tennessee and the Sixth Circuit. *Mathis,* No. 93–20226, *rev'd,* 67 F.3d 300, No. 95–5042, 1995 WL 579563; *Mathis,* 173 F.3d 857, No. 97–6499, 1999 WL 98465. Injunctive claims are not cognizable in a Tucker Act case unless a concurrent money-mandating recovery is present. *Simanonok v. Simanonok,* 918 F.2d 947, 952 (Fed.Cir.1990). Therefore, this Court does not have jurisdiction to reverse his criminal conviction and to grant injunctive relief.

### *CONCLUSION*

In light of the foregoing reasons, the Court must dismiss Plaintiff's claims pursuant to RCFC 12(b)(1). Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss. The Clerk is directed to **DISMISS** Plaintiff's Complaint.

**It is so ORDERED.**