**Michael SMART, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–703C.

United States Court of Federal Claims.

Jan. 30, 2009.

Michael Smart, El Paso, TX, Pro se.

William P. Rayel, Trial Attorney, with whom were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

## OPINION & ORDER

SMITH, Senior Judge:

Defendant has filed a Motion for Summary Judgment pursuant to RCFC 56, to dismiss the claims of Plaintiff, Michael Smart, for overtime pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, arguing that Plaintiff was paid all overtime to which he was statutorily entitled. Plaintiff asserts that he is owed back pay for hours worked in excess of 8 hours per day due to the Air Force's improper implementation of a compressed work schedule, in violation of 5 U.S.C. § 6127(b)(1). Plaintiff has filed numerous documents, none of which contain evidence to rebut Defendant's proof that the schedule was properly implemented. Nor has he shown that he suffered any loss of pay, allowances, or differentials, which would make him eligible for any remedy under the Back Pay Act, 5 U.S.C. § 5596. After careful consideration, and for the reasons set forth in this opinion, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

## FACTS

On September 20, 2004, Plaintiff was appointed as a probationary police officer at Kirtland Air Force Base, New Mexico ("Kirtland AFB"). Def. Mot. 2. The announcement for the position indicated that the police officer "[m]ay be required to work an uncommon tour of duty, to include nights, weekends or holidays." *Id.* The Air Force defines an uncommon tour of duty as "[a]ny 40-hour basic workweek scheduled to include Saturday and or Sunday, for four weekdays or less, but not more than 6 days of the administrative workweek." Def. Mot.App. 108–109. Plaintiff's position was deemed non-exempt from the FLSA by the Air Force. *Id.* at 7.

For the first three pay periods, mostly comprised of training, Plaintiff worked a traditional 8 hour shift and was paid overtime for any hours worked in excess of 8 hours a day during that time. *Id.* at 24–26. Beginning with the fourth pay period, the Air Force assigned Plaintiff to a compressed work schedule, comprised of six 12-hour shifts and one 8-hour shift, equal to 80 hours of work, every two weeks; however the Air Force continued to pay him and others in his work unit overtime based on an 8-hour day. *Id.* at 27–29. The Air Force claims that this was an administrative error since Plaintiff should have been paid overtime based on 12-hour shifts instead of 8-hour shifts. *Id.* It corrected this mistake and beginning December 25, 2004, proceeded to pay Plaintiff accordingly. *Id.* at 22. The Air Force then requested that employees in Plaintiff's unit return the accidental overpayment. *Id.* at

95. Because the Air Force had accidentally failed to pay him certain night differential, holiday and Sunday premium pay, Plaintiff was allowed to keep the overtime pay given to him in that amount. *Id.* This formula resulted in only a small debt owed by Plaintiff to the Air Force in the amount of $8.86. *Id.* Until his termination in August, the Plaintiff alternated between a regular and a compressed work schedule for which he was paid accordingly. *Id.* at 31–35.

When the Plaintiff was appointed in September, 2004, the unit to which he belonged was excluded from the bargaining unit of the American Federation of Government Employees (AFGE). *Id.* 7–8. On April 14, 2005, Kirtland AFB recognized the Plaintiff and his colleagues as part of the local bargaining unit. *Id.* at 106. However, a unit clarification order was not issued by the Federal Labor Relations Authority ("FLRA") until August 31, 2005. *Id.* at 113.

On July 25, 2005, Plaintiff filed a complaint with the Office of Personnel Management ("OPM"), stating that he should have been paid overtime pursuant to the Fair Labor Standards Act ("FLSA") because the Air Force had imposed the compressed work schedule without the consent of the affected unit. The OPM rejected these claims and held that under 5 U.S.C. § 6127(b)(1) only an existing unit may hold a vote on a compressed work schedule. The OPM found that the Air Force had already established the compressed work schedule for the Plaintiff's unit before any of the officers were hired, and thus was not required to obtain consent from the unit on the matter. On September 28, 2007, the Plaintiff filed the instant action in this Court.

### STANDARD OF REVIEW

Plaintiff is proceeding *pro se* and, therefore, the Court holds his pleadings to a less stringent standard than those drafted by lawyers. *Sumner v. United States,* 71 Fed. Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Accordingly, the Court must examine the pleadings to see if Plaintiff has a cause of action, even if not clearly articulated. *Id.* However, "there is no duty on the

part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (internal quotation and punctuation marks omitted).

Defendant has filed Motion for Summary Judgment, which must be granted if "there are no genuine issues as to any material fact." RCFC 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Irrelevant or unnecessary factual disputes do not preclude the entry of summary judgment. *Id.* at 248, 106 S.Ct. 2505.

### DISCUSSION

**I. The Air Force properly implemented Plaintiff's compressed work schedule.**

In the case of a full-time employee of the Air Force, such as the Plaintiff, a "compressed work schedule" refers to an "80–hour bi-weekly work requirement which is scheduled for less than 10 workdays" for which overtime hours "are any hours in excess of those specified hours which constitute the compressed schedule." 5 U.S.C. § 6128. Plaintiff argues that the Air Force improperly imposed his unit's compressed work schedule because it did not hold a unit vote pursuant to 5 U.S.C. § 6127(b)(1), which states, "An employee in a unit with respect to which an organization of Government employees has not been accorded exclusive recognition shall not be required to participate in any program under subsection (a) unless a majority of the employees in such unit who, but for this paragraph, would be included in such a program have voted to be so included." 5 U.S.C. § 6127(b)(1). The Air Force claims that it was not subject to 5 U.S.C. § 6127(b)(1) because it had established a compressed work schedule for the Plaintiff's unit before any officers were hired to staff it. App. 7, 21.

Here, as the OPM previously noted, Plaintiff was not hired into an existing unit, but rather, appointed to a new unit of civilian police officers. App. 18–19, 112. Further, Plaintiff and his colleagues were notified before hiring that the positions for which they

were applying required them to work irregular hours. Plaintiff offers no evidence, beyond his own speculation, to rebut the assertion that the Air Force intended to establish a compressed work schedule for the new unit in which Plaintiff was employed. Therefore, the Court must believe the Air Force's claim that the reason for the Plaintiff's initial overtime pay based on an 8–hour work day was mere administrative error.

█ The Court now moves to Defendant's assertion that new units are not required to receive employee permission to implement a compressed work schedule per 5 U.S.C. § 6127(b)(1). The legislative history of the Federal Employees Flexible and Compressed Work Schedules Act of 1982 ("CWS Act"), which created 5 U.S.C. § 6127(b)(1) indicates that, "Section 6127(B) provides protections for employees when a majority of employees in a unit do not wish to participate in a compressed work schedule program, or when participation would impose a personnel hardship." S.Rep. No. 97–365, at 12 (1982), U.S.Code Cong. & Admin.News 1982, pp. 565, 574. This legislative history and the facial language of the statute indicate that Congress intended 5 U.S.C. § 6127(b)(1) to apply only to units that already contain employees. There is nothing in the statutory language or legislative history of the CWS Act to indicate that Congress intended 5 U.S.C. § 6127(b)(1) to preclude the Government from hiring employees into a new unit with a compressed work schedule.

In drafting the CWS Act, Congress intended to protect employees of presently staffed work units from changes in their work schedules that may result in personnel hardship, such as scheduling conflicts that would require those employees to leave their jobs. Plaintiff's argument that his newly created work unit was entitled under 5 U.S.C. § 6127(b)(1) to vote on whether or not to accept a compressed work schedule is incongruent with the Congressional intent behind the statute.

Neither the plain language of 5 U.S.C. § 6127(b)(1) nor the Congressional intent behind the statute indicate that it is meant to apply to newly created work units. As such, the Court cannot agree with Plaintiff's argument. Plaintiff's argument would require the Court to expand the application of the statute to a purpose Congress did not intend. Plaintiff and other new employees knew the schedule when they accepted their positions. The problem Congress attempted to alleviate with this statutory provision was existing employees accustomed to an 8–hour schedule with the potential for disrupted personnel schedules. Plaintiff voluntarily chose a job with that schedule and is thus not subject to the problem Congress sought to remedy. For this reason, the Court must grant judgment in Defendant's favor as it pertains to Plaintiff's claim that he is entitled to back pay for overtime worked, as calculated by an 8–hour per day work schedule.

## II. Plaintiff's claims of retaliatory firing under the FLSA sound in Tort.

█ Plaintiff's Complaint may be read to articulate a claim of retaliatory discharge against the Air Force under the FLSA seeking reinstatement as a remedy. This Court lacks subject matter jurisdiction to hear such a claim because it sounds in tort. Plaintiff does not dispute the tortious nature of his claims in Reply. It is well settled precedent that charges against the government for retaliatory behavior are tortious in nature and cannot be heard by the Court of Federal Claims. *Qualls v. United States*, 230 Ct.Cl. 534, 678 F.2d 190 (1982); *Jentoft v. United States*, 450 F.3d 1342, 1349 (2006). This Court must dismiss Plaintiff's claim of retaliatory discharge against the Air Force for lack of jurisdiction.

### CONCLUSION

For the reasons set forth above this Court **GRANTS** Defendant's Motion for Summary Judgment. The Court hereby directs the Clerk to **DISMISS** Plaintiff's Complaint and enter judgment in favor of Defendant.

**It is so ORDERED.**