**Jean Dufort BAPTICHON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–641C.**

United States Court of Federal Claims.

Feb. 18, 2009.

---

Merit ("Medal") was awarded to him by President George W. Bush. *See Compl. Generally.* As such, Mr. Baptichon seeks damages for the "fixed sum" of the Medal, which he contends is valued at $20 billion dollars. *Compl.* ¶¶ 23 and 28. First, Mr. Baptichon alleges that the acceptance of the Medal has caused him "moral turpitude." *Compl.* ¶ 23. Second, he alleges that the Medal was improperly awarded to him, in violation of the United States Constitution and Code of Ethics and Professional Responsibility. *Compl.* ¶ 24. Third, Mr. Baptichon's alleges that the President has acknowledged a "deep national debt of gratitude" in a letter to Mr. Baptichon accompanying the Medal. *Compl.* ¶ 25.

In its motion to dismiss, the Government alleges that Mr. Baptichon's Complaint fails to identify a money-mandating provision for which this Court has jurisdiction to entertain. Conversely, Mr. Baptichon asserts that the receipt and acceptance of the Medal should be construed as a contractual agreement, and the Government somehow breached that agreement. For this, Mr. Baptichon believes he is entitled to the monetary value of the Medal.

■■■ In assessing a motion to dismiss a claim under RCFC 12(b)(1), the Court must assume that all factual claims contained in the complaint are true and must draw all inferences in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). In addition, the plaintiff bears the burden to demonstrate by a preponderance of the evidence that the Court possesses jurisdiction to entertain the claim. *McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Reynolds,* 846 F.2d at 748. Therefore, the plaintiff must allege a substantive right to relief that "can be fairly interpreted as mandating compensation by the Federal Government for the damage sustained." *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Griswold v. United States,* 61 Fed.Cl. 458, 466 (2004). If the plaintiff fails to identify a contract or money-mandating constitutional

Jean Dufort Baptichon, Freeport, New York, Pro se.

Roger A. Hipp, Trial Attorney, with whom were Gregory G. Katsas, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant.

### OPINION and ORDER

SMITH, Senior Judge.

The facts of this case are difficult to construe based upon the reading of Mr. Baptichon's Complaint. Mr. Baptichon's Complaint alleges that the Presidential Medal of

provision, statute or regulation that entitles him to relief, the Court must dismiss the complaint for lack of jurisdiction. *Jan's Helicopter Serv. Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008) (citing *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005) (en banc)).

Although pleadings of *pro se* litigants are held to a "less stringent standard" than formal pleadings drafted by attorneys, Mr. Baptichon's Complaint fails to reference a statute and/or regulation that provides a substantive source of law that mandates compensation. *Sumner v. United States,* 71 Fed.Cl. 627, 628 (2006) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). Instead, Mr. Baptichon's Complaint alleges that he is entitled to compensation for the Medal. This Medal was established by the Act of July 20, 1942, ch. 508, 56 Stat. 662, *codified at* 10 U.S.C. § 1122. Furthermore, the procedures for awarding the Medal are contained in Executive Order No. 9857A, 3 C.F.R.1943–1948 Comp., p. 646 (May 27,-1947). Neither the Act of July 20, 1942, nor Executive Order No. 9867A, nor any other statute or regulation establishes a source of law that mandates compensation. Accordingly, it is clear to the Court that Mr. Baptichon's Complaint, even if liberally construed, is not within this Court's jurisdiction.

Therefore, for the reasons set forth in this opinion, the Court hereby **DISMISSES** this case for lack of subject matter jurisdiction. The Court hereby **GRANTS** Defendant's Motion to Dismiss and directs the Clerk to **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint and enter judgment accordingly. All other motions are **DENIED** as moot.

**It is so ORDERED.**