NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5071

JEAN DUFORT BAPTICHON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

.

Jean Dufort Baptichon, of Freeport, New York, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from:  United States Court of Federal Claims

Senior Judge Loren A. Smith

# United States Court of Appeals for the Federal Circuit

2009-5071

JEAN DUFORT BAPTICHON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-641, Senior Judge Loren A. Smith.

_____

DECIDED: August 7, 2009

_____

Before RADER, PLAGER, and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

The United States Court of Federal Claims dismissed Jean Dufort Baptichon's complaint without prejudice for lack of subject matter jurisdiction. <u>Baptichon v. United States</u>, No. 08-641 (Fed. Cl. 2009). Because the trial court correctly enforced its jurisdictional limits, this court affirms.

Mr. Baptichon apparently seeks $20 billion in damages for the value of a "Presidential Medal of Merit" allegedly awarded to Baptichon by the President. The first claim in his complaint seeks redress for "moral turpitude" but, of course, the Court of Federal Claims has no jurisdiction to adjudicate general claims of moral deficiencies. The second claim alleges violations of the United States Constitution and "Code of

Ethics and Professional Responsibilities" for awarding the medal, but again this court finds nothing in the statutes giving jurisdiction to the Court of Federal Claims that would empower it to adjudicate these allegations. The third and last claim cites to a "deep national debt of gratitude" owed by the United States and the President. Once again, the jurisdictional mandates of the Court of Federal Claims do not include "debts of gratitude."

Mr. Baptichon explains that "[t]he President of the United States made an offer of the medal of merit at issue to the plaintiff/appellant who in turn accepted the offer and relied in good faith to his detriment . . . by financially committing himself to politically and socially support the defendant . . . ." Mr. Baptichon's reference to 10 U.S.C. § 1122 and Executive Order 9857A in his briefing to this court seems to refer to the Medal for Merit. That medal is a decoration that Congress authorized the President to award to civilians who performed outstanding service to the Allied cause in World War II. The record on appeal does not indicate whether Baptichon actually received the medal. Even if he did, however, Baptichon has no redress. Baptichon has cited no statute or regulation that provides for any monetary award attached to the medal or any additional rights conferred when it is granted. Nor has this court found such a statute or regulation. Accordingly, the decision of the trial court is affirmed.

COSTS

No costs.