**Omar 'ADBEL–AL–MU'MIT, aka John James Bell, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 09–378C.**

United States Court of Federal Claims.

April 19, 2010.

---

**8.** Plaintiffs additionally contend that *Slattery,* 583 F.3d 800, supersedes the Seventh Circuit's determination that any recovery against the FDIC must be limited to the assets of the receivership. While we do not agree with plaintiffs' reading of

that case, we note that the decision has been vacated, Nos.2007–5063, –5064, –5089, 2010 WL 1030729, and would not have retroactive application in any event.

John James Bell, Kershaw, South Carolina, Pro Se.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Deborah A. Bynum, Assistant Director, and Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington D.C., for Defendant.

## *OPINION and ORDER*

SMITH, Senior Judge.

Plaintiff, John James Bell, filed a "Mandamus for Judgment" which this Court has accepted and filed as a Transfer Complaint. In response, Defendant filed a Motion to Dismiss under RCFC 12(b)(1). It appears to the Court that the Plaintiff's claim is time barred; therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff, Mr. Bell, is currently serving a life sentence at the Kershaw Correctional Institution in Kershaw, South Carolina, as a result of multiple criminal convictions in 1992. *See Bell v. Warden, Kershaw Correctional Inst.*, No. 808–304, 2008 WL 660115, at *2 (D.S.C. Mar.6, 2008). During his most recent incarceration, Mr. Bell filed a Transfer Complaint titled "Mandamus for Judgment" in this Court. In the Complaint, Mr. Bell argues that he was improperly discharged from the Army in 1970. Mr. Bell seeks to have this Court review his discharge and award him unspecified back-pay related to his time spent on active duty, while in military confinement.

Mr. Bell enlisted in the Army on May 16, 1967 for a three year stint. After serving his Country in Vietnam from 1967 to 1968, Mr. Bell went absent without leave (AWOL) and was arrested and found guilty of desertion. As a result, Mr. Bell was sentenced to a bad conduct discharge, was reduced in rank from private first class to private, was forced to forfeit his pay, and was confined for one year. On April 17, 1969, Mr. Bell was restored to active duty but, by May 27, 1969, he again went AWOL. Local authorities detained Mr. Bell on October 1, 1969, for a variety of offenses. On January 6, 1970, Mr. Bell was convicted and placed in military confinement. Finally, on January 22, 1970, at the advice of counsel and pursuant to an Army regulation, Mr. Bell submitted a request for discharge, which was granted.

In the years following, Mr. Bell began to file numerous petitions with the Army Board for the Correction of Military Records (ABCMR) and the Army Discharge Review Board for an upgrade in his discharge and reimbursement of back-pay. Mr. Bell's requests were repeatedly denied by both boards, and on July 24, 2008, the ABCMR denied his reconsideration request. On October 24, 2007, Mr. Bell filed a Complaint with the United States District Court for the District of South Carolina, which was ultimately dismissed and transferred to this Court. On September 1, 2009, Mr. Bell filed a document titled "Mandamus for Judgment," which this Court accepted and filed as a Transfer Complaint. The Defendant then filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). After careful review and consideration, and for the reasons stated below, the Court agrees with the Defendant that this matter must be dismissed.

## II. STANDARD OF REVIEW

■ This Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Therefore, because Plaintiff is proceeding *pro se*, the Court will liberally construe Plaintiff's pleadings. Accordingly, the Court must examine the pleadings to see if Plaintiff has a cause of action, even if not clearly articulated. *Sumner v. United States*, 71 Fed.Cl. 627, 628 (2006) (citing *Ruderer v. United States*, 188 Ct.Cl. 456, 468, 412 F.2d 1285 (1969)). However, "there is no duty on the part of the trial court to create a claim which appellant has not spelled out in his pleading." *Scogin v. United States*, 33 Fed.Cl. 285, 293 (1995). Moreover, "a complaint that is confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Id.*

■ Statutes that give federal courts jurisdiction must be strictly construed. This Court will grant a motion to dismiss under RCFC 12(b)(1) when it lacks subject matter jurisdiction. Further, the non-moving party bears the burden of establishing jurisdiction by a preponderance of the evidence. *Leonardo v. United States*, 55 Fed.Cl. 344, 346, (2003).

■ In order to have jurisdiction, one hurdle that Plaintiff must cross is showing that the claim was filed within the statute of limitations. When sovereign immunity is waived, the claims filed beyond the statute not only lack jurisdiction but traditional equitable exceptions to the statute's time limits are inapplicable. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134–39, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008). Here, the claim is subject to a statute of limitations

and is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2006).

## III. DISCUSSION

Mr. Bell's Complaint alleges that he was improperly discharged from the Army in 1970, and appears to request that the Court review the legitimacy of his discharge and award him the remainder of a partial payment from the Army related to time spent in a U.S. military prison.

■ In a military pay and separation case, a claim accrues on the date that the individual was discharged from active duty status in the service. *Young v. United States,* 529 F.3d 1380, 1383 (Fed.Cir.2008). This is true even if a service member applies for relief from a military corrections board such as the ABCMR. *Martinez v. United States,* 333 F.3d 1295, 1312 (Fed.Cir.2003). ("[I]t is well-settled that the statute of limitations for Tucker Act claims is not tolled by the claimant's exercise of his rights to seek permissive administrative review of his claim."). Furthermore, because the statute of limitations under 28 U.S.C. § 2501 is jurisdictional in nature, it is not subject to equitable tolling. *Young* 529 F.3d at 1384.

■ Here, Mr. Bell's military pay and improper discharge claims accrued 37 years ago because he was discharged from the Army on February 6, 1970. Thus, because Mr. Bell did not file his complaint until October 24, 2007, his claims are time-barred and the Court does not have subject matter jurisdiction to hear Mr. Bell's claims. *See United States v. Mottaz,* 476 U.S. 834, 841, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The Clerk is directed to enter judgment accordingly.

It is so **ORDERED**.