United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2005**

Charles R. Fulbruge III
Clerk

REVISED FEBRUARY 10, 2005

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 04-10470

_____

JOHN DOE 1 and JOHN DOE 2,

Plaintiff-Appellants,

versus

UNITED STATES OF AMERICA,

Intervenor Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before GARWOOD, JONES, and PRADO, Circuit Judges.

By EDITH H. JONES:

This appeal challenges the district court's jurisdiction to apply equitable tolling to the statute of limitations of Internal Revenue Code § 6501, 26 U.S.C. § 6501 (hereafter "I.R.C."). Because we conclude that equitable tolling may not be used to extend this provision's three-year period, we REVERSE the district court.

## Background

In September 2000, the Internal Revenue Service ("IRS") published Notice 2000-44,[1] which requires organizers and promoters of certain tax shelters to maintain lists of participants and to provide those lists to the IRS upon request. The Notice also states that these shelter transactions are potentially abusive. In December 2000, John Doe I and John Doe II[2] (collectively "taxpayers") purchased one of these Short Option Strategy ("SOS") shelters from KPMG to reduce their federal income tax liabilities for 2000 and 2001.

In 2001, the IRS investigated KPMG's compliance with the registration requirements imposed by Notice 2000-44. As part of the inquiry, the IRS propounded summonses that demanded the names of clients to whom KMPG had sold certain tax shelters, as well as other documentation relating to the transactions. In all, KPMG received twenty-five summonses. In July 2002, the IRS brought an action in the United States District Court for the District of Columbia to enforce nine of the summonses sent to KPMG.[3] In December 2002, the district court ordered KPMG to comply with the summonses and reveal the requested names and transactional

---

[1] The IRS issued the notice pursuant to I.R.C. § 6112(b)(2).

[2] The district court eventually removed the seal on the case. John Doe I is actually Keith Tucker and John Doe II is Robert Hechler.

[3] See United States v. KPMG, LLP, 237 F. Supp. 2d 35, 36 (D.D.C. 2002); 316 F. Supp. 2d 30 (D.D.C. 2004). The IRS did not seek enforcement of the Notice 2000-44 summonses in this suit because KPMG had assured the IRS that it had complied in full with the applicable summons.

2

information to a special master in charge of the case. The remainder of the case was held in abeyance pending the special master's report.

In August 2003, KPMG first informed the IRS and the taxpayers that the taxpayers' 2000 SOS transaction was responsive to one of the summonses (a summons not involved in the D.C. litigation). This revelation was contrary to KPMG's previous representations to the IRS. KPMG then turned over information about the SOS transactions to the IRS but omitted the taxpayer names from the documents. The taxpayers notified KPMG that they wished to invoke the "tax-practitioner privilege" under I.R.C. (26 U.S.C.) § 7525[4] and instructed KPMG not to take any action that would waive their privilege. KPMG promised the taxpayers that while it would not reveal any information before September 8, 2003, the firm could not entirely refuse to comply with the summonses now that KPMG was aware that the SOS transaction was responsive.

On September 9, 2003, Doe I and Doe II filed the instant suit in federal court against KPMG, seeking declaratory and injunctive relief to prevent KPMG from disclosing their identities to the IRS in response to the summonses. KPMG promptly agreed to the taxpayers' Stipulation and Agreed Order preventing KPMG from

---

[4] I.R.C. § 7525 applies "to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney."

disclosing their identities or any relevant documents until the court should enter a final judgment on the merits.[5]

As of September 8, the IRS learned that KPMG had not fully complied with the Notice 2000-44 summonses.[6] Further, the instant litigation informed the IRS that taxpayers whose identities were not yet known had used these tax shelters. As the litigation continued, the IRS became concerned that the three-year statute of limitations to assess additional taxes would expire while the lawsuit was pending. On March 19, 2004, the IRS requested the taxpayers to sign a consent agreement extending the statute of limitations during litigation. The taxpayers refused. The IRS then filed an emergency motion to intervene under Federal Rule of Civil Procedure 24(a) to protect its interests and the public fisc.

The district court granted the motion and ordered the parties to take all necessary steps to prevent the statute of limitations from expiring. When the taxpayers persisted in their refusal, the IRS sought an order to show cause why they should not be held in contempt. The taxpayers asserted, and the district court agreed, that consent to toll the statue of limitations must be voluntary. See I.R.C. § 6501(a)(4). Nevertheless, the court issued an order equitably tolling the statute of limitations based

---

[5] Nevertheless, defendant KPMG argued that the taxpayers' identities were not protected by the tax-practitioner privilege.

[6] The taxpayers filed on September 8 but then withdrew an emergency motion to intervene and for protective order in the D.C. litigation.

4

on I.R.C. § 6503(a)(1) and other equitable principles. That decision is the subject of the instant appeal.[7]

## Discussion

Determinations of law are reviewed de novo. Gulf Marine and Indus. Supplies, Inc. v. Golden Prince M/V, 230 F.3d 178, 179 (5th Cir. 2000). The district court's decision to apply equitable tolling is reviewed for abuse of discretion. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002).

When interpreting a statute, we start with the plain text, and read all parts of the statute together to produce a harmonious whole. See, e.g., Administaff Companies, Inc. v. New York Joint Bd., Shirt, & Leisurewear Div., 337 F.3d 454, 456 (5th Cir. 2003). Section 6501(a) establishes a three-year statute of limitations "after a return [is] filed" for the assessment of federal income taxes. The statute then lists twenty-six specific exceptions that toll the limitations period.[8] The IRS can use other tools to toll the statute as well. For example, if a taxpayer's identity is unknown to the IRS, the agency may serve a "John Doe" summons pursuant to Section 7609(a), which then tolls the statute pursuant to Section 6501. None of these provisions, however, explicitly permits equitable tolling. Taxpayers thus

---

[7] The court also rejected the taxpayers' assertion of privilege under § 7525 and ordered the clerk to remove the seal from all documents relating to the taxpayers' names. The taxpayers do not appeal this aspect of the decision.

[8] Tolling provisions are listed in subsections of § 6501, as well as in additional provisions within I.R.C. § 6503.

5

assert that the district court lacked jurisdiction to apply equitable tolling to Section 6501.

For other tax disputes, Congress has created exceptions to a statute of limitations following litigation which determined that the statute did not allow tolling. In United States v. Brockamp, for example, the United States Supreme Court held that I.R.C. § 6511, which establishes a three-year (or in some instances two-year) period during which a taxpayer must request a refund for overpayment of taxes, was not subject to equitable tolling. 519 U.S. 347, 117 S. Ct. 849, 136 L.Ed.2d 818 (1997). In that case, the taxpayers suffered from mental disability throughout the statutory period; however, in light of the plain statutory language and existence of numerous tolling provisions, the Supreme Court held that the statute was not subject to general equitable tolling by courts. Id. at 352, 117 S. Ct. at 852; see also id. ("[C]ongress did not intend courts to read other unmentioned, open-ended 'equitable' exceptions into the statute that it wrote."). In 1998, Congress amended this law to permit tolling when a taxpayer, like those in Brockamp, is prevented by a disability from seeking a refund. Congress's decision to specify further exceptions to the statute of limitations — without adding a general equitable tolling provision — further justifies the Supreme Court's reading of the statute in Brockamp. Because Congress prefers to provide explicit tolling exceptions to the limitations periods contained in federal tax law, by implication,

6

it does not intend courts to invoke equitable tolling to alter the plain text of the statutes at issue.[9]

As it did following <u>Brockamp</u>, Congress recently amended the statute at issue in this case.  In Section 814 of the American Jobs Creation Act of 2004, Congress extended the time for assessment of taxes and penalties where the taxpayer fails to include required information on a return or statement regarding a listed transaction.  Pub. L. No. 108-357, § 814, 118 Stat. 1418, 1421 (2004).  Appellants acknowledge that the amendment is aimed at future taxpayers who, as they did, attempt to shield their identities from the IRS until the statute of limitations expires.  The dubious distinction of inspiring the passage of a law to prevent others from following their lead[10] does not, however, detract from the strength of the taxpayers' argument here.  "Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities."  <u>Brockamp</u>, 519 U.S. at 352, 117 S. Ct. at 852.

---

[9]    In fact, before the Seventh Circuit, the IRS took the position that, pursuant to <u>Brockamp</u>, equitable tolling should not apply to <u>any</u> provision in the Internal Revenue Code.  <u>See</u> <u>Flight Attendants UAL Offset (FAAUO) v. Comm'r</u>, 165 F.3d 572, 577 (7th Cir. 1999).

[10]    <u>See, e.g.</u>, H.R. No. 108-548(1), at 267 (June 16, 2004) ("[S]ome taxpayers and their advisors have been employing dilatory tactics and failing to cooperate with the IRS in an attempt to avoid liability because of the expiration of the statute of limitations.").

The Government argues that I.R.C. § 7402(a),[11] broadly read, gives district courts implied authority to use equitable tolling to enforce the revenue code.  See United States v. First Nat'l City Bank, 379 U.S. 378, 380, 85 S. Ct. 528, 529, 13 L.Ed.2d 365 (1965); United States v. Raymond, 228 F.3d 804 (7th Cir. 2000); United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984).  But the Government cites no authority in which a court applied Section 7402(a) to Section 6501.  Further, several of the authorities cited by the Government stand only for the proposition that district courts have jurisdiction to hear claims made by the IRS in conjunction with its filings of intervention or interpleader; the issue of equitable tolling played no role in these holdings.  See, e.g., United States v. Asay, 614 F.2d 655, 662 (9th Cir. 1980); Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc., 472 F.2d 893, 895 (10th Cir. 1973).  We are unpersuaded that the general enabling language of Section 7402(a) authorizes a court to inject an equitable tolling provision into a detailed, highly specific provision (Section 6501).

---

[11]     The statute provides:
The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.  The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

The Government invokes additional broad principles to contravene the plain language of Section 6501.  We agree with the Government that, as a general matter, the Internal Revenue Code is to be interpreted broadly in the Government's favor.  See Commissioner v. Schleier, 515 U.S. 323, 327-28, 115 S.Ct. 2159, 2162-63 (1995).  We also agree that statutes diminishing sovereign immunity should be read in the sovereign's favor.  See, e.g., Library of Congress v. Shaw, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); Soriano v. United States, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957).  Further, there is some truth in the Government's effort to portray the taxpayers as having less than clean hands in this litigation.  None of these general principles and complaints, however, can overcome the specific intent of Congress as demonstrated by the precise language of Section 6501.[12]  Even an unsympathetic litigant retains the protection of the statute of limitations unless the Government can toll the statute through one of the congressionally prescribed methods.

At oral argument, the IRS attempted to stretch the above issue to embody the district judge's authority to control proceedings in his own courtroom.  We disagree.  The district court

---

[12]    To support this contention, the IRS relies heavily on Young v. United States, 535 U.S. 43, 122 S. Ct. 1036, 152 L.Ed.2d 79 (2002).  This case, which permitted a bankruptcy court to impose equitable tolling to an aspect of the Bankruptcy Code, is inapposite.  Bankruptcy courts are courts of equity by their nature.  Id. at 50, 122 S. Ct. at 1041.  As discussed supra, Brockamp is more persuasive and more relevant to the instant tax case.

had a panoply of tools available to control the proceedings. Regardless, this argument is beside the point, in that it was the Government's obligation, not the court's, to protect the Government's rights. The true nature of this dispute is whether the district court had statutory authority to use equitable tolling to overcome the statute of limitations. Our reading of the statute answers that question in the negative.

## Conclusion

The statute here at issue prohibits the imposition of equitable tolling to prevent expiration of the statute of limitations. The IRS is unable to rely on general equitable principles to protect its right to collect taxes from citizens where the statute does not allow equitable tolling. The IRS had three years to pursue the taxpayers using congressionally approved means. Congress can — and indeed has — remedied the problems posed by the taxpayers' tactics in this case. Since neither retroactive application of the new law nor equitable tolling in the Government's favor is available, the judgment of the district court is **REVERSED.**