REVISED September 4, 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-60815

CURR-SPEC PARTNERS, L.P.

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent-Appellee

Appeal from a decision
of the United States Tax Court

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

JACQUES L. WIENER, JR., Circuit Judge:

Petitioner-Appellant Curr-Spec Partners, L.P. ("Curr-Spec"), asks us to interpret the interplay between the limitation provisions of Internal Revenue Code ("IRC") § 6229(a) and IRC § 6501(a). Specifically, we are asked to determine whether IRC § 6229(a) provides an independent limitations period for Respondent-Appellee Commissioner of Internal Revenue's (the "Commissioner's") issuance of a notice of Final Partnership Administrative Adjustment ("FPAA"). The Tax Court ruled in favor of the Commissioner, holding that IRC § 6229(a) does not provide a separate statute of limitations for partnership items and that the relevant limitations periods are those of each

individual partner — generally three years after the date of filing the individual's return — as set forth in IRC § 6501(a).[1] The Tax Court reasoned that the limitations period of IRC § 6229(a) can prolong — but can never shorten — the period within which the Commissioner may assess individual tax liabilities attributable to partnership items. Although this issue of statutory interpretation is res nova in this circuit, the Tax Court sitting as an en banc-like court,[2] the D.C. Circuit,[3] and the Federal Circuit[4] have each resolved it in favor of the Commissioner. Affirming the Tax Court's decision, we now join these other courts and hold that IRC § 6229(a) does not establish an independent statute of limitations for issuing FPAAs.

## I. FACTS AND PROCEEDINGS

On October 11, 2000, the partnership, Curr-Spec, filed a Form 1065, U.S. Partnership Return of Income, for the taxable year 1999. More than four years later, on October 13, 2004, the Commissioner issued an FPAA determining that (1) the partnership was a sham, (2) as a result, all transactions in which it engaged would be treated as engaged in by the individual partners directly, (3) all income, deductions, gains, and losses reported by the partnership would be disallowed, and (4) the partners would be treated as having no basis in their

---

[1] Even though the statute of limitations runs three years after the date that the return was filed, see IRC § 6501(a), a return filed early is generally deemed filed on the date that the return was due, thereby giving the Commissioner more than three years within which to assess tax. See id. § 6501(b)(1).

[2] Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 2000 WL 863142 (2000) (en banc). Technically, the Tax Court does not sit en banc. Nevertheless, the full Tax Court reviews cases that the Chief Judge selects for review by the entire court. See IRC § 7460; David F. Shores, Deferential Review of Tax Court Decisions: Dobson Revisited, 49 TAX LAW. 629, 646 n.117 (1996). Rhone-Poulenc is one such case, and, for simplicity, we will refer to it as decided en banc.

[3] Andantech L.L.C. v. Commissioner, 331 F.3d 972 (D.C. Cir. 2003).

[4] AD Global Fund, LLC ex rel. N. Hills Holding, Inc. v. United States, 481 F.3d 1351 (Fed. Cir. 2007).

respective partnership interests. Curr-Spec timely filed a petition in the Tax Court seeking review of the Commissioner's determination. Curr-Spec then filed motions (1) to dismiss for lack of jurisdiction and to strike, and (2) for summary judgment, contending, inter alia, that because the FPAA was issued more than three years after both the due date of the partnership's 1999 return and the date on which it was filed, the period of limitations for assessing tax attributable to partnership items had expired. Curr-Spec based its argument on its interpretation of IRC § 6229(a) as an independent three-year statute of limitations (subject to specific extensions) for issuing an FPAA.

The Commissioner responded that at least three Curr-Spec partners had claimed net operating loss carryforwards of a 1999 partnership item on their respective individual 2000 and 2001 returns. The Commissioner proposed to assess tax based on the claimed carryforwards on these partners' 2000 and 2001 returns, under the theory that the FPAA was issued less than three years after the partners had filed their respective individual tax returns for those tax years, viz., within the statute of limitations for individual returns as set forth in IRC § 6501(a).

The Tax Court ruled in favor of the Commissioner, emphasizing that the Internal Revenue Code "prescribes no period during which TEFRA[5] partnership-level proceedings, which begin with the mailing of an FPAA, must be commenced." The court held that IRC § 6229(a) does not provide an assessment period independent of the three-year individual limitations period of IRC § 6501(a); that instead IRC § 6229(a) provides a three-year minimum, which can extend IRC § 6501(a)'s period, but cannot curtail it.

---

[5] "TEFRA" is the Tax Equity and Fiscal Responsibility Act of 1982.

This timely appeal followed, in which Curr-Spec challenges only the timeliness of the FPAA.[6]

## II.  ANALYSIS

### A.  Standard of Review

We review a Tax Court decision the same way that we would review a district court decision.[7]  In the instant case, Curr-Spec presents purely an issue of statutory interpretation, which we review de novo.[8]

### B.  Statutory Framework

"[TEFRA] . . . prescribes the administrative and litigation procedures for addressing partnership tax issues."[9]  "[It] requires partnerships to file informational returns reflecting the distributive shares of income, gains, deductions, and credits attributable to its partners.  Accordingly, the individual partners are responsible for reporting their pro rata share of tax on their income tax returns."[10]  Items more appropriate for determination at the partnership level are designated "partnership items," which are to be treated at the partnership level; other items are designated "nonpartnership items," which are to be treated at the individual partner level.[11]

---

[6] In the instant proceedings, Curr-Spec has stipulated to the merits of the Commissioner's adjustments in the FPAA.

[7] Minton v. Commissioner, 562 F.3d 730, 734 (5th Cir. 2009) (per curiam).

[8] Copeland v. Commissioner, 290 F.3d 326, 329 (5th Cir. 2002).

[9] United States v. Martinez (In re Martinez), 564 F.3d 719, 726 (5th Cir. 2009) (citing Pub. L. No. 97-248, § 402(a), 96 Stat. 648, 653 (1982) (codified as amended at IRC §§ 6221–23)).

[10] Weiner v. United States, 389 F.3d 152, 154 (5th Cir. 2004) (internal citation omitted); see IRC § 6031 (partnership returns); id. §§ 701–04 (individual partners' reporting distributive shares of partnership income).

[11] In re Martinez, 564 F.3d at 726; see IRC § 6221 (mandating that partnership items be determined at the partnership level).  A "partnership item" is statutorily defined as:

When the IRS proposes an adjustment of taxes at the partnership level, it issues a notice of adjustment, the FPAA, which is analogous to the statutory notice of deficiency furnished to individuals.[12] After the FPAA becomes final, the Commissioner may assess tax to the individual partners whose tax returns for the year or years in question remain open under IRC § 6501(a), for those partners' distributive shares of the adjusted partnership items.[13]

IRC § 6501(a) is the three-year statute of limitations which is generally applicable to the Commissioner's assessment of tax.[14] That section states:

> General rule. — Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed . . . , and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. . . .[15]

---

any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

IRC § 6231(a)(3); see id. § 6231(a)(4) (defining "nonpartnership item").

[12] In re Martinez, 564 F.3d at 726 (citing IRC § 6223(a)).

[13] See IRC § 6225(a) (stating that the FPAA becomes final if it goes unchallenged for 150 days, or upon final judicial resolution of a petition for review of the FPAA). The IRS may sometimes assess this tax on individual partners, without notice, as a computational adjustment. See Callaway v. Commissioner, 231 F.3d 106, 109–10 (2d Cir. 2000) (citing IRC §§ 6225(a), 6230(a)(1), 6231(a)(6)). Other times, factual determinations of "affected items" at the partner level are necessary, which requires the issuance of a notice of deficiency. See id. at 110 (citing IRC § 6230(a)(2)(A)(i)); see also IRC § 6231(a)(5) (defining "affected item" as "any item to the extent such item is affected by a partnership item").

[14] Payne v. Commissioner, 224 F.3d 415, 419–20 (5th Cir. 2000). This statute of limitations is subject to provisions in IRC § 6501, IRC § 6503, and elsewhere that toll the limitations period, see Doe v. KPMG, LLP, 398 F.3d 686, 688–89 (5th Cir. 2005), none of which are at issue in the instant appeal.

[15] IRC § 6501(a) (emphasis added).

IRC § 6229(a), which Curr-Spec contends is a three-year statute of limitations for issuing an FPAA — and which, in the Commissioner's and the Tax Court's views, can only extend but not shorten the IRC § 6501(a) period — states:

> General rule. — Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of —
>
> > (1) the date on which the partnership return for such taxable year was filed, or
> >
> > (2) the last day for filing such return for such year (determined without regard to extensions).[16]

## C. IRC § 6229(a) Does Not Establish an Independent Statute of Limitations for the Issuance of an FPAA

### 1. Jurisdiction

As an initial matter, Curr-Spec contends that in a partnership proceeding, courts have no jurisdiction to consider the filing date of a partner's individual return because that is not a partnership item but rather a nonpartnership item.[17] The scope of the Tax Court's jurisdiction in partnership proceedings, Curr-Spec argues, is limited to determination of "all partnership items of the partnership for the partnership taxable year to which the [FPAA] relates, the proper allocation of such items among partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to

---

[16] Id. § 6229(a) (emphasis added).

[17] As in the principal issue of statutory interpretation presented in Curr-Spec's appeal, our review of the Tax Court's jurisdiction is de novo. Ferguson v. Commissioner, 568 F.3d 498, 502 (5th Cir. 2009).

a partnership item."[18] Yet, Congress has made clear that any partner "shall be permitted to participate in [partnership-level litigation] solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion."[19] Armed with Congress's express blessing, the Tax Court does not exceed its jurisdiction when it considers the filing date of a partner's individual return.[20]

### 2. Merits

Curr-Spec asserts that even if the Tax Court is not jurisdictionally barred from referencing the filing date of a partner's individual return, a plain reading of IRC § 6229 and IRC § 6501 in pari materia yields Curr-Spec's desired result, viz., that IRC § 6229(a) is an independent three-year limitations period for the issuance of an FPAA, which period begins to run on the later of the date that the partnership files its informational return or the date that it is due. In Curr-Spec's view, the TEFRA partnership procedures establish a time line governing when an FPAA may be issued, which is entirely independent of and distinct from — and which supercedes — the general time line specified by IRC § 6501. The Commissioner counters that IRC § 6229(a), by its terms, sets no limitation period for the issuance of an FPAA. The Commissioner argues that — for

---

[18] IRC § 6226(f).

[19] Id. § 6226(d)(1) (emphasis added).

[20] Our opinion in Weiner v. United States is not to the contrary. 389 F.3d 152 (5th Cir. 2004). We decided that case on the dissimilar issue "whether district courts have jurisdiction to decide the FPAA statute of limitations question in [individual] refund actions." Id. at 155. More specifically, we asked "whether the taxpayers' refund requests [were] attributable to any partnership item such that the district court would be deprived of jurisdiction." Id. We concluded that IRC § 6229(a)'s period was a partnership item and that thus "the district courts lack jurisdiction to decide the FPAA statute of limitations issue" (which, today, we conclusively determine is not an independent "statute of limitations"). See id. at 156, 159. In Weiner, we had no occasion to inquire whether, in a partnership proceeding, the Tax Court was deprived of jurisdiction to consider the filing date of a partner's individual return.

partnership items — IRC § 6229(a) works to extend the IRC § 6501(a) limitations periods of the individual partners under circumstances when those periods would otherwise expire less than three years following the later of the filing date or due date for the filing of the partnership's return, disregarding extensions.

"When the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language."[21] The unambiguous language of IRC § 6229(a) and IRC § 6501(a) mandates our conclusion that IRC § 6501(a) creates a three-year limitations period within which the Commissioner must assess "any tax" on individual partners — a period which IRC § 6229(a) can never shorten, regardless of the length of time that might have elapsed between the filing of the partnership's informational return and the Commissioner's issuance of an FPAA. Rather, IRC § 6229(a) establishes only the minimum time period that, when necessary, extends, i.e., supercedes, the general three-year limitations period of IRC § 6501(a). For partnership items, the otherwise applicable limitations period of IRC § 6501(a) "shall not expire before the date which is 3 years after the later of . . . the date on which the partnership return . . . was filed" or the date on which it was due.[22] In reaching this conclusion, we find persuasive (1) the Tax Court's en banc decision in Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner,[23] (2) the D.C. Circuit's opinion in Andantech L.L.C. v.

---

[21] United States v. Dison, --- F.3d ---, 2009 WL 1759029, at *2 (5th Cir. 2009) (internal quotation marks and citation omitted).

[22] IRC § 6229(a) (emphasis added).

[23] 114 T.C. 533, 2000 WL 863142 (2000) (en banc).

Commissioner,[24] and (3) the Federal Circuit's opinion in AD Global Fund, LLC ex rel. North Hills Holding, Inc. v. United States.[25]

In Rhone-Poulenc, the Tax Court said:

> Section 6501 unequivocally provides the period of limitations within which "the amount of any tax imposed by this title shall be assessed." Generally, the period of limitations so provided is 3 years from the date the taxpayer's return was filed but varies in the case of certain enumerated exceptions. The pertinent language of section 6229 is: "[T]he period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of" the filing or due date of the partnership return. Section 6229 provides a minimum period of time for the assessment of any tax attributable to partnership items (or affected items) notwithstanding the period provided for in section 6501, which is ordinarily the maximum period for the assessment of any tax. The section 6229 minimum period may expire before or after the section 6501 maximum period. Indeed, section 6501(n)(2) cross-references section 6229 by providing: "For extension of period in the case of partnership items (as defined in section 6231(a)(3)), see section 6229."[26]

In Andantech, the D.C. Circuit, quoted the foregoing Rhone-Poulenc language, and determined that nothing in the Tax Court's reasoning gave it pause.[27] That court thus concluded that IRC § 6501(a)'s statute of limitations is applicable to all assessments made under the chapter and that IRC § 6229(a) can

---

[24] 331 F.3d 972 (D.C. Cir. 2003).

[25] 481 F.3d 1351 (Fed. Cir. 2007). The Ninth Circuit has also referred to IRC § 6229(a) as a minimum period for assessment. Bakersfield Energy Partners, LP v. Commissioner, 568 F.3d 767, 770 n.5 (9th Cir. 2009) ("Subsection (a) [of IRC § 6229] provides the minimum time period in which the IRS can assess a tax deficiency.").

[26] 114 T.C. at 542 (internal citations and footnotes omitted) (emphases added by Tax Court).

[27] 331 F.3d at 977.

only extend, not cut short, the IRC § 6501(a) period for partnership items.[28]  The Andantech court further stated that "the language of § 6229, rather than simply stating a three-year statute of limitations, indicates by the use of the term 'shall not expire' that the provision is intended to dictate a minimum period, but not an absolute restriction."[29]

The Federal Circuit, in AD Global Fund, reached the same result as had the D.C. Circuit and the en banc Tax Court before it.  The court in AD Global Fund emphasized that

> [IRC] § 6229(a) unambiguously sets forth a minimum period for assessments of partnership items that may extend the regular statute of limitations in § 6501.  Section 6501 explicitly provides that it applies to any tax imposed by the title, which would include tax imposed for partnership items . . . , [and] [n]o exception is provided for assessment of taxes for partnership items.[30]

Additionally, that court found it significant that — unlike IRC § 6229(a) — IRC "§ 6501 is couched in mandatory terms setting forth the maximum period within which tax assessments must be made:  'shall be assessed within three years after the return was filed.'"[31]  In contrast, IRC "§ 6229(a) employs the term 'shall not expire before,' which creates a minimum period during which the period for tax assessments for partnership items may not end."[32]  And, "[w]here Congress 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts

---

[28] Id.

[29] Id.

[30] 481 F.3d at 1354 (internal citation omitted).

[31] Id. (quoting IRC § 6501(a)).

[32] Id.; see Salman Ranch Ltd. v. United States, --- F.3d ---, 2009 WL 2256020, at *3 (Fed. Cir. 2009) (explaining that the general three-year period of IRC § 6501(a) applies to partnership items and that IRC § 6229(a) sets only a minimum period for assessments of partnership items).

intentionally and purposely in the disparate inclusion or exclusion.'"[33] The Federal Circuit viewed the use of "shall not expire before" in IRC § 6229(a) as significant. That court described its result as consistent with the TEFRA scheme, which generally requires determination of the tax treatment of partnership items at the partnership level before they are assessed at the partner level.[34] First, the Commissioner ascertains all partnership items in a consolidated partnership-level determination; then IRC § 6501 controls, separately as to each individual partner, the tax consequences of that initial partnership-level determination.[35] IRC § 6229(a) "may extend the regular statute of limitations in § 6501(a) for assessments to individual partners, but it does not alter the statutory scheme of determining partnership items in one partnership-level proceeding."[36]

We perceive no flaw in the interpretations of those courts, which reached the instant issue before we did, and we adopt their analyses.[37] We emphasize, however, that once a partner's individual three-year statute of limitations under IRC § 6501(a) for any given tax year has run without that period having been extended under IRC § 6229 or any other statute,[38] the Commissioner has no

---

[33] AD Global Fund, 481 F.3d at 1354 (quoting Barnhart v. Sigmon Coal Co., 534 U.S. 438, 452 (2002)).

[34] Id. at 1354–55.

[35] Id. at 1355.

[36] Id.

[37] The unambiguous statutory language mandates our result today. Nevertheless, even if the correct decision were not so clear, we would look to the opinions of the D.C. and Federal Circuits for persuasive guidance. See Alfaro v. Commissioner, 349 F.3d 225, 229 (5th Cir. 2003) ("We are always chary to create a circuit split.").

[38] The limitations period may be extended for any of several reasons. As we have discussed, IRC § 6229(a) provides for an extension when three years from the date the partnership return is filed or is due has not yet expired. The IRC § 6229(a) period itself is suspended when the Commissioner files an FPAA. See IRC § 6229(d). The FPAA suspends

11

authority to assess tax based on any partnership items against that partner for that closed tax year, even if the Commissioner subsequently issues an FPAA for that year. The plain language of IRC § 6501(a) guarantees as much. As counsel for the Commissioner represented at oral argument, "[i]f one partner carried [partnership losses] over ten years, but the others did not and used it all in '99, the Commissioner wouldn't be able to assess against them. . . . It's only to the extent that a partner's individual statute of limitations is still open that we could do an assessment."

The practical result of our holding today is that the Commissioner may issue an FPAA at any time, subject only to the practical limitation that the FPAA may affect only those partners whose individual returns remain open under IRC § 6501(a) or some extension thereto, such as the minimum period of IRC § 6229(a), before which the statute of limitations may not expire. Stated differently, the Commissioner is free to assess partnership-item tax on any taxpayer who, on his individual tax return, has taken advantage of the now-challenged partnership items within the preceding three years (or, in the event of an extension, within the extended statute of limitations). Even though our holding will permit assessments against some partners and not against others, depending on their respective limitations periods under IRC § 6501(a), this interpretation is consistent with the other portions of IRC § 6229, which explicitly contemplate distinct treatment of different partners.[39] If Congress

---

the running of the IRC § 6229(a) period until one year after the close of the period during which a petition for readjustment of the partnership items may be filed, or, if such a petition is filed, one year after the court's decision in that proceeding becomes final. Id.; see United States v. Martinez (In re Martinez), 564 F.3d, 719, 727 (5th Cir. 2009). Of course, if a partner's limitations period has already closed, IRC § 6229(d) cannot re-open that period.

An individual's limitations period would also be extended forever if that person filed "a false or fraudulent return with the intent to evade tax." IRC § 6501(c)(1).

[39] See, e.g., IRC § 6229(b)(1)(A) (permitting partners to enter into individual agreements with the Commissioner to extend the three-year period of IRC § 6229(a)); id. § 6229(c)(1) (setting different limitations periods for partners when a partnership submits a false or

intended a different result, it is for Congress — not this court — to re-draft the statutory language.[40]

We continue briefly to explain that our decision today does not contradict this circuit's precedent. On at least two occasions — in Weiner v. United States[41] and In re Martinez[42] — we have referred to IRC § 6229(a) as a three-year statute of limitations. Yet, those descriptions were mere dicta,[43] and they did not address the relationship of IRC § 6229(a) to IRC § 6501(a). They thus do not constrain today's decision. Weiner involved multiple partners who had commenced partner-level refund suits, arguing that IRC § 6229(a) statutorily barred an FPAA.[44] There we had no need to consider the merits of the taxpayers' argument because we determined that IRC § 7422(h) deprived us of jurisdiction.[45] IRC § 7422(h) provides that "[n]o action may be brought for a

---

fraudulent return, depending on each partner's involvement in the fraud); id. § 6229(h) (providing for a suspension of the IRC § 6229(a) period for a partner who enters bankruptcy proceedings).

[40] Lamie v. U.S. Trustee, 540 U.S. 526, 542 (2004) ("If Congress enacted into law something different from what it intended, then it should amend the statute to conform to its intent.").

[41] 389 F.3d 152, 154–55 (5th Cir. 2004).

[42] United States v. Martinez (In re Martinez), 564 F.3d 719, 724, 726 (5th Cir. 2009).

[43] See Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378, 385–86 (5th Cir. 1998) ("That which is 'obiter dictum' is stated only 'by the way' to the holding of a case and does not constitute an essential or integral part of the legal reasoning behind a decision." (citing Charles W. Collier, Precedent and Legal Authority, 1988 WIS. L. REV. 771, 772)); see also United States v. Crawley, 837 F.2d 291, 292 (7th Cir. 1988) (Posner, J.) (noting that as a practical matter, a court can determine whether a particular passage in an earlier opinion is dictum by considering factors such as whether "the passage was unnecessary to the outcome of the earlier case and therefore perhaps not as fully considered as it would have been if it were essential to the outcome," or whether "the passage was not an integral part of the earlier opinion — it can be sloughed off without damaging the analytical structure of the opinion, and so it was a redundant part of that opinion and, again, may not have been fully considered").

[44] 389 F.3d at 156.

[45] Id. at 156–59.

refund attributable to partnership items."[46]  And, because we held that the IRC § 6229(a) period is a partnership item, "the district courts lack jurisdiction to decide the FPAA statute of limitations issue."[47]  The jurisdictional issue was dispositive in Weiner; to the extent we discussed IRC § 6229 as a strict statute of limitations for the issuance of an FPAA, it was mere dicta.

In In re Martinez, the issue was the extent to which a partnership's conflicted tax-matters partner could bind the other partners to an agreement into which he and the Commissioner had entered to extend the IRC § 6229(a) period.[48]  Under IRC § 6229(b)(1)(B), such agreements usually bind all partners.[49]  The In re Martinez taxpayer (who was not the tax-matters partner) argued that the tax-matters partner's conflict of interest nullified his actions with respect to the partnership.  We acknowledged that "there may be times when a tax matters partner's actions beneficial to himself are so contrary to the interests of the partnership that they are rendered null with respect to the partners."[50]  We concluded, however, that In re Martinez was not such a case, and that the extension granted to the Commissioner applied to all partners.[51]  As in Weiner, the interplay of IRC § 6229(a) and IRC § 6501(a) was not at issue,

---

[46] IRC § 7422(h).

[47] See Weiner, 389 F.3d at 156, 159.  We did state, however, that one factor in favor of determination at the partnership level was that "[t]he timeliness of an FPAA affects the IRS's ability to make adjustments to partnership items, which in turn affects all partners alike."  Id. at 158.  This statement remains true because an extension of the IRC § 6501(a) statute of limitations by IRC § 6229(a) affects the IRS's ability to adjust partnership items, which affects all partners alike.

[48] United States v. Martinez (In re Martinez), 564 F.3d 719, 727 (5th Cir. 2009).

[49] See IRC § 6229(b)(1)(B) ("The period described in subsection (a) . . . may be extended . . . with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner . . . before the expiration of such period.").

[50] In re Martinez, 564 F.3d at 728.

[51] Id.

and our reference to IRC § 6229(a) as a three-year statute of limitations was dicta. We thus have not previously had occasion to address squarely the instant issue, and our decision today is not in conflict with our precedent.[52]

## III. CONCLUSION

We hold that the Tax Court correctly interpreted IRC § 6229(a) and IRC § 6501(a). IRC § 6229(a) is not an independent statute of limitations, i.e, it sets no maximum period within which the Commissioner must issue an FPAA. The three-year statute of limitations of IRC § 6501(a) is the period within which the Commissioner may assess taxes on an individual partner (subject to extension) for partnership items. We also hold that the Tax Court does not overreach its jurisdiction in partnership-level proceedings when, for limitations purposes, it considers whether a partner's individual tax return remains open to assessment. AFFIRMED.

---

[52] Curr-Spec also interprets the Second Circuit's opinion in Callaway as rejecting Rhone-Poulenc. Callaway v. Commissioner, 231 F.3d 106, 110 (2d Cir. 2000). As in our circuit's precedent, Callaway's discussion of IRC § 6229(a) occurred in dicta. See id. at 110 (referring to IRC § 6229 as a three-year statute of limitations, which "supercedes" the individual partner's three-year period under IRC § 6501); id. at 112–13 (describing the effect that IRC § 6229(a) would have had in the absence of an extension). The issue in Callaway was the conversion of partnership items into nonpartnership items. See id. at 116. The relationship of IRC § 6229(a) to IRC § 6501(a) was not at issue. In fact, Callaway interpreted the similar "shall not expire before . . . 1 year" language of IRC § 6229(f) as prescribing the time within which "the limitations period on assessments . . . could not have expired sooner." Id. at 122 & n.20 (emphasis in original). The court expressly said that, depending on the facts, such a provision might "not provide the limiting date." Id. Our analysis in the instant case is consistent with such an interpretation. Additionally, the Second Circuit has, in a subsequent case, cautioned that IRC "section 6229(a), by its terms, does not purport to limit the time available to assess tax, but only to extend limitations otherwise applicable." Field v. United States, 381 F.3d 109, 112 n.1 (2d Cir. 2004) (emphasis in original). Such language offers a clear indication that the Second Circuit does not view Callaway as having held the opposite. See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., 241 F.3d 135, 149 (2d Cir. 2001) ("[W]e will not overrule a prior decision of a panel of this Court absent a change in the law by higher authority or by way of an in banc proceeding of this Court." (internal quotation marks omitted)).