# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2012

Lyle W. Cayce
Clerk

No. 12-60011
Summary Calendar

W. E. DAVIS, as Administrator of the Estate of Anthony Walker Smith, Deceased,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CV-34

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Before the Court is Plaintiff-Appellant W. E. Davis's ("Davis") appeal of the district court's dismissal, for lack of subject matter jurisdiction, of his action for a refund of previously paid taxes on the estate of Anthony Walker Smith ("Smith").  We AFFIRM.

---

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60011

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not in dispute. Davis is the administrator of the estate of decedent Smith. On or about February 3, 2003, Davis, on behalf of Smith's estate, filed an income tax return reporting a tax liability of $491,521. Included in that liability were taxes owed as the result of Smith's ownership of a fee simple interest in property described as Wyatt Farm. The estate completed payment on the tax liability, plus interest and penalties, on April 17, 2003.

Prior to filing this tax return, however, Smith's father, Raymond Smith, filed suit in the Chancery Court of Tate County, Mississippi, against Smith's estate, seeking reformation of the deed conveying Smith's interest in Wyatt Farm. *See Davis v. Smith*, 922 So.2d 814, 817 (Miss. Ct. App. 2005) (noting suit filed April 12, 2002). Raymond Smith argued that the deed contained a scrivener's error that omitted an intended reservation of a life estate on the property for Raymond Smith. *See id.* On November 3, 2003, the Chancery Court found a mutual mistake existed and reformed the deed to reserve a life estate for Raymond Smith. *Id.* The estate appealed the decision to the Mississippi Court of Appeals, which affirmed the Chancery Court on August 16, 2005. *See id.* at 814. On March 2, 2006, the Mississippi Supreme Court denied certiorari. *See Davis v. Smith*, 927 So. 2d 750 (Miss. 2006).

Thereafter, on or about November 4, 2008, the estate filed an administrative claim for a refund from the Internal Revenue Service ("IRS"), asserting that the estate overpaid federal taxes by $215,323. The basis for the refund claim was that the value of Smith's interest in Wyatt Farm had been overstated due to the estate's mistaken understanding that Smith owned Wyatt Farm in fee simple, unencumbered by a life estate. The overstatement resulted in an overpayment of federal taxes.

On February 19, 2009, the IRS disallowed the estate's refund claim on the ground that it was not timely filed. The IRS cited the provisions of § 6511 of the

2

No. 12-60011

Internal Revenue Code, which section requires that a claim for refund be filed within three years from the filing of a tax return, or two years from the payment of the tax, whichever is later. *See* 26 U.S.C. § 6511(a). As the estate's refund claim for the estate tax had been filed more than three years after the filing of the tax return for that tax, and more than two-years after payment of the tax, the IRS found the refund claim untimely.

Davis, on behalf of Smith's estate, filed the instant tax refund suit in federal district court on February 18, 2011. The United States of America (the "Government") filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that the failure to file a timely refund claim with the IRS divested the district court of jurisdiction over the suit.[1] On December 15, 2011, the district court granted the Government's motion and dismissed the suit. This timely appealed followed.

## STANDARD OF REVIEW

We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). A court may find a lack of subject-matter jurisdiction by evaluating one of three sets of submissions: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

---

[2] *See* 26 U.S.C. § 7422(a) (providing "[n]o suit . . . shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously . . . assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard"); *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) ("A taxpayer's failure to file a timely refund claim with the IRS deprives the district court of subject-matter jurisdiction.").

No. 12-60011

## ANALYSIS

Davis argues that the district court erred in dismissing the instant suit for lack of subject matter jurisdiction. Davis concedes that his administrative refund claim was untimely under § 6511, and that an untimely claim divests the court of jurisdiction. Nevertheless, Davis argues that the district court had the authority to equitably toll the statute's time-limits, and that he deserved such tolling on the ground that the estate could not have known that the property would be encumbered by a life estate until the Mississippi Supreme Court denied certiorari on March 2, 2006. Davis argues the three-year time-limit in § 6511 should only have begun to run at that point, rendering his November 4, 2008 refund request timely.

Davis's argument, however, is foreclosed by Supreme Court precedent. Most recently, in *United States v. Brockamp*, 519 U.S. 347 (1997), the Supreme Court held that courts could not "toll, for nonstatutory equitable reasons, the statutory time (and related amount) limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code of 1986[.]" *See id.* at 348. Davis's appeals to *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), and the Court's statement therein that the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States," *see id.* at 95–96, is unavailing. *Brockamp* squarely confronted that presumption and found it rebutted by the language in § 6511 and other portions of the Tax Code, as well as the practical consequences of "forcing the IRS to respond to, and perhaps litigate, large numbers of late claims" when it already issued more than 90 million refunds a year. *See* 519 U.S. at 350–52.

Davis's attempt to distinguish the justification for equitable tolling in *Brockamp* from that in this case fares no better. In *Brockamp*, plaintiffs consisted of mentally disabled individuals who, by reason of their disability,

4

were unable to meet § 6511's filing requirements. *Id.* at 348. Nonetheless, *Bockamp* did not limit itself to equitable tolling resulting from disability, but considered equitable tolling generally. *See generally id.* Indeed, the Supreme Court, in earlier precedent, expressly rejected Davis's argument that courts have equitable power to ease § 6511's time-constraints where the taxpayer was ignorant of the basis of his refund claim prior to the time-limit's expiration. *See United States v. Dalm*, 494 U.S. 596, 610 n.7 (1990) ("That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.");[1] *see also Bull v. United States*, 295 U.S. 247, 259, 260–261 (1935) ("The fact that the petitioner relied on the Commissioner's assessment of estate tax, and believed the inconsistent claim of deficiency of income tax was of no force, cannot avail to toll the statute of limitations, which forbade the bringing of any action in 1930 for refund of the estate tax payments made in 1921.").[2]

Nor have the Supreme Court's decisions been reversed by Congress's amendment to § 6511, in light of *Brockamp*, suspending § 6511's time-limits

---

[2] In *Dalm*, a taxpayer sought "equitable recoupment," whereby she could be refunded a previously paid gift tax. *See id.* at 598–99. The taxpayer sought the refund because the IRS subsequently determined that the taxpayer should have paid income tax, which the taxpayer so paid as part of a settlement. *Id.* The taxpayer sought the refund, however, after § 6511's time-limits had expired. *Id.* at 600. Regardless of the fact that the taxpayer could not have known that her previous gift tax payment was erroneous until the IRS notified her of her deficiency, the Supreme Court held that, "[u]nder the plain language of §§ 6511(a) and 7422(a), the District Court was barred from entertaining her suit for a refund of the tax." *Id.* at 602.

[3] In *Bull*, the Supreme Court allowed the taxpayer to seek equitable recoupment of a previously paid estate tax, but by means of a claim for a refund of a later-paid income tax, where the estate tax was paid on the same transaction on which the income tax was levied. *Id.* at 261–63. The Supreme Court reasoned that the statute of limitations did not bar suit for a refund of the income tax, even if the basis of the refund was overpayment due to payment of the previous estate tax. *Id. Dalm* distinguished *Bull* because, in *Dalm*, the taxpayer sought refund of the earlier-paid tax, as her settlement foreclosed suit for refund of the later-paid tax. *See Dalm*, 494 U.S. at 606.

No. 12-60011

"during any period of such individual's life that such individual is financially disabled." *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3202, 112 Stat. 685 (codified at 26 U.S.C. § 6511(h)).[3] First, this Circuit has found *Brockamp*'s general prohibition against equitable tolling continues after Congress's alteration to the code.  *See PALA, Inc. v. United States*, 234 F.3d 873, 880 (5th Cir. 2000) ("To the extent that PALA argues for an equitable tolling of the statute of limitations, controlling Supreme Court precedent refutes its position." (citing *Brockamp*)); *see also Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir. 2005) (relying on *Brockamp* to hold court could not toll tax code's provisions limiting time for IRS to assess taxes).  Second, the concerns expressed in *Brockamp* continue and, indeed, have been enhanced by Congress's amendment.   The amendment did not change tax code's strict language limiting the time for refund requests, and did not affect the Supreme Court's concern that equitable tolling conflicts with § 6511's numerous time-limits; indeed, Congress has simply added one more.  *See Brockamp*, 519 U.S. at 351–52 (noting "§ 6511 sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling'").[4]  Third, despite the fact that "deductions from congressional inaction are notoriously unreliable," *Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999), the fact that Congress decided to toll § 6511's limits for "financial disability," but not for ignorance, despite clear Supreme Court authority prohibiting tolling for that purpose, is further evidence that *Brockamp*'s reading is correct.  *See KPMG*, 398 F.3d at 689 ("Congress's    decision    to    specify    further    exceptions    to    the    statute    of

---

[4] Davis does not argue that the amendment applies in this case.

[5] This concern is magnified here, as Davis seeks to toll § 6511's three-year time limit, but not the section's two-year time limit, presumably because the latter would not provide Davis a sufficient amount of time from the point at which he proposes to start the clock. Davis provides no argument, however, why the three-year limit would be the appropriate timing-provision to toll.

No. 12-60011

limitations—without adding a general equitable tolling provision—further justifies the Supreme Court's reading of the statute in *Brockamp*.") Accordingly, we find *Brockamp* controlling and hold that the district court did not err in refusing to toll § 6511's time-limits.

Davis nevertheless argues that, so read, § 6511 violates his rights to due process under the Fifth Amendment because it bars his access to a forum in which to litigate his meritorious claim. Statutes of limitations necessarily have this effect, however, and they have long been upheld as constitutional. *See Atchafalaya Land Co. v. F.B. Williams Cypress Co.*, 258 U.S. 190, 197 (1922) (upholding statute of limitations against due process challenge); *see also Soriano v. United States*, 352 U.S. 270, 273–77 (1957) (upholding statute of limitations for suits against United States; refusing to equitably toll statute for war). Further, Davis had an opportunity to litigate the estate's claim. Even prior to filing the estate's tax return, Smith's father filed suit alleging Smith's interest in the property was encumbered by a life estate. Moreover, prior to the running of § 6511's time-limits, the Chancery Court ruled in favor of Smith's father and encumbered Smith's interest with a life estate and the Mississippi Court of Appeals upheld that decision. Although the Mississippi Supreme Court had not yet denied certiorari, Davis could have filed a protective claim with the IRS to preserve the estate's interest in the refund. *See* I.R.S. Revenue Procedure 2002-52 (providing procedure to file protective claim); *PALA, Inc.*, 234 F.3d at 880 (noting "PALA could have filed a protective claim for a refund as early as 1994," prior to expiration of time-limits, to preserve claim); *Swietlik v. United States*, 779 F.2d 1306, 1307 (7th Cir. 1985) ("If a claim for refund is contingent or uncertain in amount or, as here, both, the proper procedure is to file a conditional claim before the statute of limitations runs out; if you fail to do that the statute of limitations will bar the refund."). Accordingly, we find Davis's due process claim to be without merit.

No. 12-60011

## CONCLUSION

For the reasons stated above, the order of the district court is AFFIRMED.